UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, ) | C/A No.: 6:05-cr-00708-GRA-1 |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Jerry Wayne Mayes ) | |
| Defendant. ) | |

This matter comes before the Court to review Defendant Jerry Wayne Mayes's "*Nunc Pro Tunc Order* for Amended Judgment", filed on September 16, 2009. For the reasons stated herein, this Court GRANTS Defendant's Motion.

## Background

On October 4, 2005, U.S. District Court Judge Henry M. Herlong, Jr. sentenced Defendant to twenty-one (21) months imprisonment, followed by three (3) years of supervised relief, for various counterfeiting-related charges in violation of 18 U.S.C. § 471-73. This judgment was docketed on October 7, 2005, and was filed under criminal docket number 8:05-cr-00249-HMH-2.

On November 28, 2005, this Court sentenced Defendant to one hundred (100) months imprisonment, followed by five (5) years of years supervised release, for various charges relating to the possession and distribution of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A). This Court imposed this sentence for each of two counts, but it ordered the terms to run concurrently. This judgment was

docketed on December 2, 2005, and was filed under the above-captioned criminal docket number 6:05-cr-00708-GRA-1.

In both actions, Defendant entered a timely guilty plea. Defendant filed the instant motion on September 16, 2009. He alleges that Beattie B. Ashmore, his attorney in both actions described above, and the government prosecutors in these respective cases, agreed that if Defendant pled guilty to both charges, the sentence imposed on November 28, 2005, would run concurrently with the sentence previously imposed on October 4, 2005. Although this Court's November 28, 2005, judgment ordered that Defendant's sentences as to each count woud run concurrently, the judgment did not address whether its sentence should run concurrently or consecutively with the sentence imposed by Judge Herlong on October 4, 2005. Defendant now asks this Court to correct this alleged oversight.

## Standard of Review

Defendant brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

Ordinarily, a prisoner seeking review of his sentence must normally exhaust all remedies available through the Bureau of Prisons ("BOP"). *See Branden v. 30th*

*Judicial Cir. Ct.*, 410 U.S. 484, 489-92 (1973); *see also* Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir.1999). However, exhaustion is not required when to do so would be futile. *See, e.g., Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 239 n. 2 (3d Cir.2005) (upholding the district court's finding that exhaustion would be futile when a petitioner attacks the validity of the BOP regulations).

## Discussion

As an initial matter, Defendant does not appear to have exhausted his administrative remedies available through the BOP, such as requesting a *nunc pro tunc* designation. However, this Court finds that such exhaustion would be futile in this case, because 18 U.S.C. § 3584(b) clearly provides that "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."

This Court has reviewed its November 28, 2005, sentencing of Defendant, and consulted with Mr. Ashmore, Defendant's attorney in both actions, and the government prosecutors assigned to these cases. This Court finds that it's November 28, 2005, sentence, docketed on December 2, 2005, as Entry 39, inadvertently omitted this Court's determination that the sentence of one hundred (100) months imposed in case number 6:05-cr-00708-GRA-1, was to run concurrently with the sentence of twenty-one (21) months imposed in case number 8:05-cr-00249-HMH-2.

IT IS THEREFORE ORDERED that Defendant's "Nunc Pro Tunc Order for Amended Judgment" is GRANTED.

IT IS FURTHER ORDERED that Defendant's sentence of one hundred (100) months imposed in case number 6:05-cr-00708-GRA-1, is to run CONCURRENTLY with the sentence of twenty-one (21) months imposed in case number 8:05-cr-00249-HMH-2.

**IT IS SO ORDERED.**

                                                  *[signature]*
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

October 8, 2009
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within sixty (60) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**